# RE JOSÉ BAURING.

San Juan, Naturalization, No. —.

OATH OF ALLEGIANCE UNDER § 5 OF THE JONES ACT.

Naturalization—Jones Act—Place of Oath.

1. Congress has limited the terms of the Federal district court to certain places, but this does not prevent the judge and clerk from taking the oath of allegiance under § 5 of the Jones Act in any other place within the district. The judge has power to administer oath at any place within the district.

Re Bauring.

**Same—Vieques.**

> 2. While the island of Vieques has had, to a certain extent, a separate history from Porto Rico, there can be no question that it was Spanish and passed to the United States by the Treaty of Paris.

**Natural Son—Lack of Recognition.**

> 3. The Spanish law covers natural children unrecognized by the father. If there has been no such recognition and the father is dead, the citizenship of his mother will be taken into account as fixing his own.

Opinion filed August 11, 1917.

---

HAMILTON, Judge, delivered the following opinion:

1. Reliable information came to the court that there were a number of persons eligible to take the oath of allegiance under § 5 of the Jones Act of March 2, 1917, living in the island of Vieques, but that they were to a large extent people of small means and unable to expend the sum of about $25 needed to take them and their witnesses to and from San Juan, where this court ordinarily sits. The Jones Act, of which §§ 41 and 42 define the general duties of this court, says that "regular terms of said United States district court shall be held at San Juan . . . and also at Ponce . . . and special terms may be held at Mayaguez at such stated times as said judge may deem expedient." [39 Stat. at L. 965, 966, chap. 145, Comp. Stat. —, §§ 3803qq, 3803r.] This, therefore, fixes the sittings of this court at those three places. The latter part of § 5 says that certain persons may "make a sworn declaration of allegiance to the United States before the United States district court for Porto Rico." There is no question that such declaration may

Re Bauring.

be made at a regular session of the court in San Juan or in Ponce. Can it be made in any other place, such as Vieques? It seems to the court that it can. The court is in session, with clerk, marshal, and other officers only at the three places named. But the taking of a sworn declaration of allegiance, while preferably to be at one of these three places, does not, strictly speaking, require a session of the court. For instance, there would seem to be no reason why it should not be done in vacation, Congress having limited the time for such action to six months and thereby creating a special term of that length of time, if term need be considered in this connection. The point to be considered is the admission of persons having the proper qualifications as citizens by the taking of an oath. The judge of this court is such judge and has the power to administer oaths not only at San Juan, Ponce, and Mayaguez, but throughout the territorial limits of the district. If such action is not had, the probabilities are that most of the Vieques applicants would be denied the privilege of citizenship altogether.

2. The district within which this court acts is, in § 41 of the Jones Act, called "Porto Rico," but § 1 of the act declares that "the provisions of this act shall apply to the island of Porto Rico and to the adjacent islands belonging to the United States, and waters of those islands; and the name Porto Rico as used in this act shall be held to include not only the island of that name, but all the adjacent islands as aforesaid." [39 Stat. at L. 951, chap. 145, Comp. Stat. —, § 3803a]. Vieques has had to some extent a separate history from Porto Rico, having, it seems, been English, and it is still inhabited by many French people. The commandant at the time of the first records in 1838 was a Frenchman named Le Guillou, but he was military and civil

governor under the Spanish sovereignty, and there can be no
question that the island was Spanish and passed under the
Treaty of Paris to the United States. This has been the uni-
form action of the governments. It seems, therefore, that the
court, that is to say, for this particular purpose the judge, has
the right to act elsewhere than at the three places named. Ac-
cordingly it was determined to take such action at Vieques,
and this has accordingly been done.

3. The case at bar is one of a natural child not recognized by
the father according to the Civil Code and other laws of Porto
Rico. The applicant has proved that he was born in Porto Rico,
that his mother was a subject of Great Britian, and that he is
now living in Vieques, that is to say, in Porto Rico. His puta-
tive father was also a foreigner. The civil law, and in particu-
lar the Spanish law, has been very liberal in its recognition of
natural children, much more so than the common law of Great
Britian and her colonies. It is an historical fact that the Latin
colonists mixed more freely with the natives of their colonies,
and that irregular unions were more common. As there has
long been a law on the subject, however, it seems impossible to
extend such privileges beyond the wording of the law which has
existed in Spain for centuries, that is, that where a putative
father recognizes a child on the baptismal record or by other
unequivocal act, the child is considered for many purposes as his
son. Escriche, Die. Raz., s. v. Hijo Natural. This even ex-
tends to the inheritance after the legitimate children. There is
no such evidence of recognition, however, in the case at bar; and
at the civil law as well as at the common law the applicant must
be considered, so far as his father is concerned, as filius nullius.

All systems of law have necessarily recognized the physical

Re Bauring.

fact of maternity; for as to the mother of a child of course there can be no question. The Jones Act, which is now being construed, does not limit the right to take the oath of allegiance to the father, but says that it applies to "any person that is born in Porto Rico of an alien parent." If the applicant, in the eye of the law, has no father, there can be no doubt that in the eye of the law he must be recognized nevertheless as having a mother, and in the case at bar she is an alien. Proper proof has been made of other requirements, and so the applicant will be admitted to take the oath.

It is so ordered.